Brooke, J.
I concur with judge Allen in the opinion, that the widow is not dowable of the real estate, in which her husband, during his life and at his death, was only entitled to the remainder in fee expectant on a life estate. But I differ with him on the other point. It is in my judgment quite clear, that the widow is entitled to the distributive share of the husband’s slaves and other personal estate, to which she would have been entitled, had he made some provision for her by his will, and she had renounced it. The 26th section of the statute of wills &c.- authorizes the widow, if not satisfied with the provision made for her by the will of her husband, to declare, that she will not accept the provision made for her by the will, or any part thereof, and renounce all benefit which she might claim Under it. I cannot see how, upon any fair construction of the statute, she can be required to declare that she will not take the provision made for her by the will, when the will malees no provision for her, and to renounce all benefit under it, when no benefit is conferred; or why, if the widow, in this casé, had gratuitously renounced the will, she would thereby have bettered hér claim to the provision, which our laws intended to secure to her out of her husband’s personal estate,- in spite of any testamentary disposition he might make of it.
My opinion in Lightfoot’s ex’or v. Colgin & ux. has been relied on-, to establish the proposition, that, by the *259 common law, according to the authority of Coke in opposition to that of Blackstone, a husband had an absolute right to dispose of his whole personal estate, by deed or by will, and that neither his wife nor his children had any legal claim to a reasonable part, which could defeat his disposition: that, at any rate, the common law as laid down by Coke, was understood to he the true doctrine by our jurists when the colonial legislature first acted on the subject, and was in the mind of the legislature when it enacted the statutes of 1673 and 1705. I adhere to the opinion as to the principle of the common law, which I intimated in that case ; but I adhere also to the opinion I expressed at the same time, as to the intent and effect of our statutes—that they were intended to restrain the husband in the exercise of his preexisting common law right to dispose of the whole estate by will.
The case of Lightfoot's ex’or v. Colgin & ux. and the question it presented, were widely different from the case and the point now before us. There, a married man, by deeds absolute and irrevocable though merely voluntary, had settled his whole personal estate upon his children by a former marriage, making no provision out of it for his wife, with intent to defeat the claims of the wife to that portion of the estate to which she would have been entitled, if, without executing such deeds, he had died intestate, or had left a will which she might have renounced. It was held, that the wife acquired not, by the marriage, any right in the personal estate of her husband, that impaired his absolute right to dispose thereof by deed in his lifetime, since the statutes only restrained him from cutting her off by will, from a suitable provision out of the estate he should be possessed of, that is, entitled to, at his death. It was contended, that the deeds were a fraud upon the wife; that they were, in their nature, testamentary instruments, a will in *260 disguise, in truth a will. The question was, whether the deeds were, in effect, a will or no ? But supposing them to be a will, there was not a suggestion in the argument at the bar, or in the opinions of the court, that ^ier renunciation of such will was necessary to entitle her to the provision allowed her in such case by law. Here, we have the case of a husband dying entitled to personal estate, and leaving a will, in which he has made no provision whatever for his wife, and bequeathed the whole to his nephews and nieces; and the question is, whether she was bound to renounce such a will, bound to declare that she would not take under the will what was not given her by it, in order to entitle her to the provision which the law makes for her ?
In my opinion, the policy, intent and effect, of all the several statutes on the subject, from the first to the last, was to restrain the husband from making any disposition of his personal estate by will, which should deprive the wife of what the law deemed a reasonable provision for her. The statute of 1673 simply imposed such restraint upon him. The statute of 1705 again simply imposed a like restraint upon the husband, to dispose by will, of more than particular portions of his personal estate (varied according to the state of his family) to any other person than his wife; and then gave her a summary remedy by petition to the court of probat, to have the will declared void as to her, in case her husband thereby left her a lesser part of his estate. The remedy was provided for her, only in case the will gave her a lesser part, because she might be content with that, though the law declared it inadequate : no remedy was provided for her, where the husband’s will made no provision for her, because it was not presumable she could be content without some provision; and, ha that case, without applying to the cocut by petition to correct the injustice, she was entitled to claim of the ex *261 ecutor the distributive share allowed her by law. The statute of 1727 defined the widow’s rights in the slave property her husband died possessed of; and instead of putting her to her petition to the court of probat, to avoid his will, where she was not satisfied with the provision thereby made for her, this statute enabled her to redress herself, by a declaration within nine months, that she would not accept the legacy or legacies bequeathed to her by the will, and a renunciation of all benefit under it. Here again, she was required to make such declaration and renunciation, only in case the will made some provision for her, with which it might be presumed she was satisfied unless she declared her dissatisfaction ; and her declaration and renunciation was required to be made within nine months, in order that the husband’s executor might know, within a reasonable time, whether he should, as to her, administer the estate according to the will, or according to the statute: but no such declaration and renunciation of the will was required of her when it made no provision at all for her. The statute of 1785 (1 Rev. Code, ch. 104. $ 26.) was dictated by the same policy, and (with some variations in the details not necessary to be noticed) provides for the same case for which the former statutes provided; imposes a like restraint upon the husband’s power of disposition of his personal estate by loill, so as to secure to the wife an adequate provision; and requires the widow’s renunciation of the will, in case, and only in case, some provision is made for her.
I. think the decree of the circuit superior court in this case was right in the principle, that the widow was entitled to her distributive share of her husband’s personal estate, though it might require some correction in the details.
Stanarb, J. concurred in the opinion of Brooke, J. and Cabell, J. concurred with Allen, J.
*262 Tucker, P.
I am of opinion, that the decree is erroneous in all the particulars complained of by the appellants : hut there are fatal objections, in principle, to the appellee’s claims, which render an examination of errors ™ the details of the decree unnecessary.
It is objected, and properly, that the widow had no title to dower in the land of her husband, because he had no seisin whereof she could be endowed. He had but a remainder after a life estate, which had not fallen in at his death; and of such an estate a woman cannot be endowed.
It is moreover objected, as to the slaves and personal estate, that the wife is not entitled .to distribution thereof, as the husband has devised them all away, and she has never renounced the will as required by the statute. And this is, I think, undeniable. By the common law (according to the better opinion.) the husband’s power of disposing of his personal estate by will, was unrestricted by any rights on the part of his wife. The restriction existing with .us, grows out of the clause of the statute, 1 Rev. Code, ch. 104. <§. 26. A widow must bring herself within this statute, or her husband’s will and power over his estate are absolute. Now, the statute prescribes the mode in which a widow may renounce her husband’s will; and proceeds to declare, that a widow not making her renunciation accordingly, “ shall have no more of her husband’s slaves and personal estate than are given her by the will.’.’ In this case, nothing was given her. Therefore, she takes nothing under the will. Blit she has not renounced the .will, in the manner prescribed by the statute: b.y the terms of the statute, then, she is expressly excluded from any portion of her husband’s estate. The same consequence would follow even if the statute did not contain those strong negative words. For as there is no other restraint upon the husband’s power than that created by this clause, she must bring herself within the clause by renouncing, *263 or it cannot apply to the case. It is said indeed, that the clause does not contemplate the case of a will in which there is no provision whatever for the wife, hut applies only to the case of a partial provision. But if this he admitted—if the clause does not apply, then there is no limitation upon the husband’s power of disposition. Under any view of the case the widow is entitled to nothing.
This point has never been settled by this court;* but it arose in the case of Rayan v. Rayan in the chancery court of Winchester, in 1824; and I decided it according to the opinion I have now expressed, and there was no appeal taken. The reasons for the opinion then given, will be found in Tuck. Comm, book 2. ch. 27. Wills, p. 391-2. (Edi. of 1831.)
Decree reversed, and bill dismissed.

 The point can hardly be regarded as settled now; the judge of the circuit superior court and two judges of this court being of one opinion, and three judges of this court of the other.—Note by Reporter.